JD:JGH
F#. 2017R00941



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION          AFFIDAVIT IN SUPPORT
FOR A SEARCH WARRANT FOR:                OF APPLICATION FOR A
                                         SEARCH WARRANT

THE PERSON KNOWN AND
DESCRIBED AS DEVON MACK,                 (Fed. R. Crim. P. 41)
DATE OF BIRTH

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

       TENITRIS MCINNIS, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

       Upon information and belief, there is probable cause to believe that evidence of a violation of Title 18, United States Code, Section 922(g) – specifically, that on or about May 7, 2017, DEVON MACK, date of birth              , illegally possessed a firearm in Brooklyn, New York – will be obtained by taking, and preserving as evidence, a buccal swab sample or blood sample of DEVON MACK.[1]

---

[1]     Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68. (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

The source for your deponent's information and the grounds for his belief are as follows:[2]

## I. Background

1. I have been a special agent with the ATF for two-and-a-half years. The facts set forth in this affidavit come from a review of records of the ATF, New York City Police Department ("NYPD") and other government agencies, including video footage recorded by surveillance cameras and reports of victim interviews, and conversations with other law enforcement officers.

2. I have been involved in an investigation of DEVON MACK in connection with the aforementioned criminal activity.

3. In the early morning hours of May 7, 2017, multiple 911-callers reported that a male black wearing dark pants and hoodie had a gun in the area of 1355 St. Marks' Avenue in Brooklyn. The reports, including the suspect's description, were transmitted over the police radio. NYPD officers immediately responded to the area and saw a male black wearing a hoodie matching the descriptions reported by the 911 callers walking away from the 1355 St. Mark's Avenue. The officers saw the man, later identified as DEVON MACK, walking alone.

4. When the officers looked at MACK and he looked at them, he reached his arm down and appeared to place a dark-colored object on the ground in the area around a small red car. MACK then ran. The officers gave chase – one on foot and

---

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, all of the facts and circumstances relevant to this investigation are not set forth in this affidavit.

2

one driving in their marked patrol car. MACK ran roughly a block-and-a-half before the officer driving the patrol car crashed the car onto the sidewalk, blocking MACK's path. The officers then arrested MACK. Officers observed that MACK had cuts on his hand/arm area. None of the officers involved in MACK's pursuit or arrest saw him injure himself during the time he ran from police, indicating that to the officers that MACK had sustained an injury causing him to bleed sometime *prior* to when MACK ran from police.

5. Within moments, additional officers at the scene conducted a canvass and found a loaded gun on the ground by the red car where the first responding officers saw MACK bend down and put a dark object on the ground. The gun appeared to have blood on its handle.

6. The NYPD Evidence Collection Team responded, took custody of the gun, and swabbed it for DNA. The Office of the Chief Medical Examiner ("OCME") has confirmed that a DNA sample or samples was/were obtained from the gun, and the OCME is testing the DNA recovered from the gun.

7. On the basis of the above, as well as other information obtained as part of this investigation, DEVON MACK was indicted by a grand jury in Brooklyn on June 7, 2017. MACK is charged with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g). MACK is scheduled to be arraigned on this charge on June 14, 2017 in the Eastern District of Brooklyn.

II. **DNA Evidence**

8. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can be recovered from objects such as the gun that DEVON MACK possessed on or about May 7, 2017, and

3

which he placed on the ground before he ran from police. As set forth above, MACK ran from police after they saw MACK walking away from 1355 St. Mark's Avenue within minutes of 911 calls made reporting a man matching MACK's description possessing a gun at that location. Moreover, MACK had cuts on or near his hand(s) at the time of his arrest, and the gun, recovered moments later, had what appear to be bloodstains on the handle.

9. The DNA evidence collected by law enforcement is currently being tested by the OCME. Based on the facts set forth above, and information obtained during the course of the investigation, there is a substantial likelihood that the DNA of DEVON MACK was found on the gun.

10. OCME has advised the government that it requires a DNA sample obtained directly from the defendant (e.g., a buccal swab) in order to obtain the DNA necessary to perform a complete analysis of whether DEVON MACK was a contributor to any DNA material found on the gun that was recovered at the crime scene.

11. Based on the above information, there is probable cause to believe that the defendant DEVON MACK is a contributor to DNA evidence found on the gun recovered at the crime scene. Therefore, there is probable cause to believe that a buccal swab or sample of her blood would constitute evidence of DEVON MACK's commission of the felon in possession offense with which MACK is charged.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Special Agents, NYPD officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from DEVON MACK a buccal swab sample or sample of blood. An appropriately trained law

4

enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek and inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that DEVON MACK refuses to submit to a buccal cheek swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

_____
TENITRIS MCINNIS
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
14th day of June, 2017

_____
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK